IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KATHY ANN WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-013 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Kathy Ann Wood appeals the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff applied for DIB and SSI on May 8, 2014, alleging a disability onset date of May 15, 2007. Tr. ("R."), pp. 185, 192. At the administrative hearing, Plaintiff testified her alleged onset date was "around the end of 2010," (R. 42), but the Administrative Law Judge ("ALJ") ultimately used the May 15, 2007 date in his written decision, (R. 17). Plaintiff's last insured

date for DIB was March 31, 2012. R. 199, 206. Plaintiff was fifty years old on May 15, 2007, was fifty-three years old at the end of 2010, and was fifty-nine years old at the time the ALJ issued the decision under consideration. R. 38, 206, 282. Plaintiff claimed she was disabled due to intramural fibroids, female problems, back pain, and high blood pressure. R. 72, 210. Plaintiff completed two years of college, and prior to her alleged disability, Plaintiff had accrued a relevant work history as a customer service representative and cashier. R. 44-45, 58, 211, 217.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 62-105. Plaintiff requested a hearing before an ALJ, (R. 128-29), and the ALJ held a hearing on July 19, 2016. R. 35-61. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with a non-attorney representative, as well as from Tina Baker-Ivey, a Vocational Expert ("VE"). Id. On September 12, 2016, the ALJ issued an unfavorable decision. R. 12-31.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 15, 2007, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.), and she meets the insured status requirements of the Social Security Act through March 31, 2012.

2. The claimant has the following severe impairments: spine disorders (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

> 4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in in 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1] The claimant can reach overhead with the right upper extremity on a frequent basis. The claimant can frequently climb stairs, stoop, crouch, and crawl. The claimant should never climb ladders and she should avoid concentrated exposure to hazards. The claimant is capable of performing past relevant work as a customer service representative and cashier. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 17-25.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from May 15, 2007, through the date of the decision, September 12, 2016. R. 26. When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred by (1) failing to award benefits even though he determined Plaintiff had a severe impairment at step two of the sequential evaluation process; and, (2) failing to explain what Listing he considered at step three of the sequential evaluation process. See doc. no. 15 ("Pl.'s Br."). The Commissioner contends

---

[1]"Light work" is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

3

"Plaintiff's argument represents a fundamental misunderstanding" of the sequential evaluation process and maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 16.

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

Plaintiff, who is proceeding *pro se*, does not point to any particular substantive error in the ALJ's opinion, but she strenuously argues the ALJ made a procedural error in not awarding benefits by determining her spine disorders qualified as severe at step two of the sequential process. Pl.'s Br., pp. 2-3. She further contends the ALJ's decision is internally inconsistent because the ALJ determined Plaintiff's spine disorders were "severe" at step two of the sequential process, but he then found at the next step Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Id. at 3. Although the Court liberally construes *pro se* briefs, "issues not briefed on appeal by a pro se litigant are deemed abandoned." Gamble v. Comm'r of Soc. Sec., 685 F. App'x 889, 890 (11th Cir. 2017) (*per curiam*) (citing Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (*per curiam*)). Thus, the Court confines its analysis to these step two and step three arguments.

As explained below, the sequential evaluation process does not require an award of benefits based on the existence of a severe impairment at step two, and the analysis of the severity of an impairment when compared to a Listing at step three of the process entails a different analysis than the severity analysis conducted at step two. Thus, the Court concludes Plaintiff's misunderstanding of the process does not undermine the ALJ's conclusion, supported by substantial evidence, that Plaintiff was not disabled as defined in the Social Security Act.

### A.     The Sequential Evaluation Process

The Eleventh Circuit has outlined the five-step sequential process for evaluating a claim for disability benefits as follows:

1. Is the individual performing substantial gainful activity;

2. Does she have a severe impairment;

3. Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. Can she perform her past relevant work; and

5. Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

Phillip v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).[2]

At step one, if the claimant is doing substantial gainful activity, the process stops, and a claimant is determined to be "not disabled." Id. If the claimant is not doing substantial gainful

---

[2]Based on Plaintiff's briefing, it appears she may have misunderstood the ALJ's decision because his analysis made seven numbered findings even though the substantive analysis covered only four steps of the sequential process as outlined in the regulations and explained in the cited case law. See also page 3, *supra*, (explaining sequential evaluation process stopped because ALJ determined at step four Plaintiff had RFC to perform past relevant work as a customer service representative and cashier).

activity, the process proceeds to step two. Id. In this case, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her alleged onset date, (R. 17), and moved on to step two.

### B. Evaluating an Impairment at Step Two

The regulations instruct that a severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. §§ 404.1522(a) and 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522. Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

However, the severity test at step two of the sequential process is designed to screen out only groundless claims. Tuggerson-Brown v. Comm'r of Soc. Sec., 572 F. App'x 949, 950 (11th Cir. 2014) (*per curiam*). The severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working." Stratton v. Bowen, 827 F.2d 1447, 1452 & n.9 (11th Cir. 1987) (citation omitted). In fact, the Eleventh Circuit describes step two as the "slight abnormality" test.

7

Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (citing Brady v. Heckler, 724 F.2d 914 (11th Cir. 1984)).  Under this test, "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Id.  As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected."  McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

Both parties agree the ALJ correctly determined Plaintiff's spine disorders qualified as severe impairments.  However, Plaintiff mistakenly believes this finding alone entitles her to an award of benefits.  As explained above, the step two determination is but a "threshold inquiry," id., "which only screens out those applicants whose medical problems could 'not possibly' prevent them from working."  Stratton, 827 F.2d at 1452 & n.9.  Once a claimant satisfies this *minimal* burden, the sequential process must continue to determine whether an award of benefits is appropriate.  The ALJ correctly continued on to the next step after determining Plaintiff had a severe impairment at step two.

### C. Requirements for Satisfying a Listing at Step Three

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity.  Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993).  Plaintiff bears the burden of showing that her condition meets or equals a Listing.  Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel.* Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In order to show that her impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

Plaintiff contends the ALJ failed to state which impairment he considered in conducting the step three analysis. Pl.'s Br., p. 3. However, she suggests that if he were referring to her spine disorders, a finding that the condition was not "severe enough" to satisfy a Listing conflicts with the step two determination that Plaintiff's had a "severe" impairment. Id. Because the ALJ did identify that he considered Plaintiff's spinal disorder at step three and the severity of an impairment at step three is measured by a different, more stringent standard than the one used at step two, Plaintiff's argument fails.

First, the ALJ pointed out Plaintiff had not identified any impairment which she claimed satisfied a Listing. R. 19. Nor does she identify any such impairment(s), other than her spinal disorder, in these proceedings. The ALJ did, however, specifically find Plaintiff's spinal disorder failed to meet Listing 1.04, which states:

> 1.04 *Disorders of the Spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With (A) Evidence of nerve root compression . . . or (B) Spinal arachnoiditis . . . or (C) Lumbar spinal stenosis. . . .

9

20 C.F.R. Pt. 404, Subpt.P. App. 1, § 1.04.  Thus, a spinal disorder alone is not sufficient to satisfy the Listing.  Id.  Rather, a spinal disorder must be accompanied by the requisite additional condition outlined in sections A, B, or C.  Carpenter v. Comm'r of Soc. Sec., 614 F. App'x 482, 488 (11th Cir. 2015) (*per curiam*).  Here, although the ALJ determined at step two that Plaintiff had a severe spinal disorder, he stated at step three the medical evidence of record did not show Plaintiff's degenerative disc disease resulted in root compression, spinal arachnoiditis, or lumbar spinal stenosis. R. 19.

To make this determination, the ALJ conducted a thorough review of the medical evidence, reviewing test results, recounting results of physical examinations, and discussing that medication helped relieve pain and allowed Plaintiff to engage in a variety of daily activities such as cooking, cleaning, and shopping.  R. 19-25, 48, 241-43.  For example, the ALJ recounted multiple examinations at which Plaintiff showed no signs of acute distress or reports of back pain (*e.g.*, R. 406, 408), as well as largely normal test results and range of motion in her back (*e.g.*, R. 392, 426, 444, 447, 449-50).  Plaintiff does not take issue with any of the ALJ's substantive analysis of the record.

Second, as set forth above, the Listing of Impairments describes impairments severe enough to prevent a person from performing any gainful activity, Davis, 985 F.2d at 532, a standard significantly higher than the minimal showing of any interference with an individual's ability to work considered at step two, see Bridges, 815 F.2d at 625.  Thus, there is no inconsistency between the ALJ finding a severe impairment at step two, but then concluding Plaintiff's severe impairment of degenerative disc disease was not severe enough to satisfy a Listing at step three.  The ALJ's conclusion that Plaintiff had a severe impairment at step two but

did not have an impairment severe enough to satisfy a Listing at step three is supported by substantial evidence.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 26th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA